# IN THE COURT OF APPEALS OF IOWA

No. 16-1464
Filed December 6, 2017

**ROBERT JOHNATHAN DAVIS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Mahaska County, Lucy J. Gamon, Judge.

Robert Davis appeals from the dismissal of his second application for postconviction relief. **AFFIRMED.**

Jeffrey A. Smith of Smith Law Firm, Oskaloosa, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Bower and McDonald, JJ.

**DANILSON, Chief Judge.**

Robert Davis appeals from the dismissal of his second application for postconviction relief. We find no error and affirm.

After a jury trial, Davis was convicted of six counts of sexual abuse. He was sentenced on November 21, 2008. His convictions and sentence were affirmed on appeal. *State v. Davis*, No. 08-1942, 2009 WL 4116322, at *5-6 (Iowa Ct. App. Nov. 25, 2009). His application for further review was denied, and procedendo issued on March 11, 2010.

Davis's first application for postconviction relief was denied, and we affirmed the denial on appeal. *Davis v. State*, No. 12-0436, 2013 WL 530577, at *1-2 (Iowa Ct. App. Feb. 13, 2013).

Davis filed this second application for postconviction relief on October 17, 2013, more than three years after procedendo issued following his direct appeal. The district court dismissed the application as time barred, and Davis appeals.

"Generally, postconviction relief proceedings are reviewed for correction of errors at law." *Reilly v. Iowa Dist. Ct.*, 783 N.W.2d 490, 493 (Iowa 2010).

We find no error in the summary dismissal of Davis's application. *See* Iowa Code § 822.6 (2013) (allowing summary dismissal where no purpose would be served by further proceedings). Because this application for postconviction relief was filed more than three years after procedendo issued, it is time barred unless the application raises "a ground of fact or law that *could not have been raised* within the applicable time period." *See id.* § 822.3 (emphasis added) (stating "applications must be filed within three years from . . . the date the writ of procedendo is issued" but "this limitation does not apply to a

ground of fact or law that could not have been raised within the applicable time period"). Davis contends he raises a new issue. However, the issue raised[1] could have been raised within the applicable time period and is thus subject to the three-year limitation period. We affirm.

**AFFIRMED.**

---

[1] Davis contends trial counsel was ineffective in a different respect than raised in his first application, that is, in failing to obtain the testimony of an expert witness. He contends he did not know he could request the court to appoint an expert until recently. The three-year statute of limitations would have no meaningful limitation if such a claim satisfied the exception.